MAYOR AND COUNCIL OF THE BOROUGH OF CARLSTADT v. THE CITY TRUST AND SURETY COMPANY OF PHILADELPHIA.

Argued November 6, 1902—Decided February 24, 1903.

1. An ordinance of the borough provided that a traction company, in exercising the granted right to lay its rails in the public streets, should complete the work within a specified time. Thereupon a bond was given by the traction company with the defendant as surety, conditioned to perform this obligation.

2. In a suit upon the bond, the condition being regarded as reasonable, the failure of the traction company to comply with it constituted a breach of the bond and will support a recovery.

On demurrer to *narr.*

Before GUMMERE, CHIEF JUSTICE, and Justices VAN SYCKEL, FORT and PITNEY.

For the plaintiff, *Shafer & Conkling.*

For the defendant, *Copeland, Luce & Kipp.*

The opinion of the court was delivered by

VAN SYCKEL, J. The plaintiff is a municipal corporation of this state, duly organized as such, with power to grant or refuse to an applying company the right to construct and operate a street railway, by means of electricity as a motive power, through the public streets of its territory, and also the general power to regulate the use of its streets.

On the 13th of August, 1896, the Union Traction Company applied for such grant and by an ordinance then passed was given the right applied for.

In consideration of the grant it was required by said ordinance, and the said traction company undertook to pay the plaintiff the sum of $250 in case it failed to construct and complete its tracks within the borough in a specified time, and also to pay for macadamizing Division avenue between Monroe and Hackensack streets, for one-half the cost of grading and macadamizing a part of Hoboken avenue between Monroe and Hackensack streets, and the entire cost of regrading, macadamizing, curbing, guttering and flagging Hackensack street, in case the mayor and council deemed it necessary to change the grade of that street.

The traction company entered into a bond in the penal sum of $4,000, with the defendant company as surety, to comply with these conditions.

Suit is brought upon this bond and breaches are assigned.

The defendant has demurred to the declaration.

Hoboken street is not one of the streets designated for the laying of tracks, but Hackensack street is, and the ordinance, which is made part of the declaration, shows that changes of grade were to be made on that street, and it appears that such change was in fact made.

Such change necessarily involved some change in the grade and paving of the connecting street.

The ground is taken by the defendant that in conferring upon the borough the power to give or withhold the consent necessary to the grant of a franchise of this nature, the legislature did not intend to invest it with the right to sell the privilege to the company or to exact money for the improvement of its streets; that its exercise was intended to be governed exclusively with reference to the advantage or disadvantage of such a railway to the public and cannot be made the subject of a bargain.

Without assenting to this proposition, it is sufficient to say that the decision of the case turns upon a much narrower question; and one in regard to which we think no doubt can be well entertained.

One of the requirements of the ordinance and one of the express conditions of the bond, on which breach is assigned in the declaration, is that the traction company agreed to construct and complete its tracks within a specified time, and that it failed so to do within the prescribed time.

It is the right and the duty of the governing body of such municipal corporations to provide that companies, in exercising their right to lay rails upon the public streets, shall perform the work with such reasonable despatch that travel shall not thereby be impeded or rendered less safe for an unreasonable length of time.

This provision of the ordinance was a reasonable exercise of the corporate power, and the failure of the traction company to comply with it constituted a breach of the bond. One sufficient breach being assigned, the demurrer must be overruled, with costs. It is not necessary to express an opinion with respect to the other breaches assigned.